UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR DELONG,

    Plaintiff,

    v.

FULL CIRCLE FIBER
PARTNERS LLC,

    Defendant.
_____/

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Edgar DeLong, by and through his undersigned counsel, sues defendants Knight Broadband LLC and Full Circle Fiber Partners LLC and alleges as follows.

## PARTIES

1. Plaintiff Edgar DeLong ("DeLong" or "Plaintiff") resides in Pasco County, Florida.

2. Defendant, Full Circle Fiber Partners LLC ("Full Circle" or "Defendant") is a Delaware Limited-Liability Company.

## JURISDICTION AND VENUE

3. The parties to this lawsuit signed a contract in which they agreed that any litigation between them would be brought in the state of New York.

4. This Court has jurisdiction over this matter in accordance with 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

5. Venue lies within this district in accordance with 28 U.S.C. § 1391 because Defendant is subject to the court's personal jurisdiction and therefore resides in this district.

**GENERAL ALLEGATIONS**

6. On or about April 2, 2021, Defendants hired DeLong to serve as the President of its subsidiary Knight Broadband, LLC. A copy of the Employment Agreement with the terms of DeLong's employment is attached as Exhibit A ("Employment Agreement").

7. In the Employment Agreement, Defendants agreed to pay DeLong an annual salary of $275,000. Additionally, Defendants agreed to pay DeLong a variable bonus, targeted at 50% of his base salary.

8. Defendants further agreed that in the event Knight terminated DeLong without cause, Defendants would continue to pay DeLong the Base Salary in effect at the time of termination for a period of one year.

9. In addition to the Employment Agreement, DeLong and Full Circle entered into a Value Appreciation Rights Award Agreement ("VAR Agreement").

10. The VAR Agreement provided that in accordance with a vesting schedule, DeLong would be entitled to phantom stock units equaling an agreed percentage of the fully diluted equity of the company.

11. On or about April 12, 2021, DeLong commenced his duties as Knight's President. At that time, Knight did not have sufficient revenue to turn a profit.

12. Over the next several months, DeLong improved Knight's performance and increased its revenue. And in August 2021, Full Circle asked DeLong to take over another company in its portfolio, Noble Broadband ("Noble").

13. Thereafter, DeLong integrated Knight and Noble, creating a new entity which was rebranded as Lightspeed Construction Group. Over the next several months, DeLong added over 200 new employees to the company, significantly decreased employee attrition, and increased

revenue every month. In recognition of his efforts, in March 2021, Defendants paid DeLong 100% of his bonus.

14. Although DeLong grew Knight's revenue significantly, and the company excelled under his leadership, on May 17, 2022, Defendants terminated DeLong's employment. In their termination letter, Defendants alleged that DeLong had breached various provisions in the Employment Agreement. Based on those allegations, Defendants have refused to pay DeLong amounts due under the Employment Agreement and denied him valuable rights that he would have been entitled under the VAR Agreement had he not been wrongfully terminated.

15. DeLong denies breaching any provisions of the Employment Agreement. And Defendants have breached their own duties by failing to pay DeLong consideration owed.

## COUNT I
## BREACH OF CONTRACT

16. DeLong re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (15).

17. DeLong performed all of his obligations and met all of the conditions of the Employment Agreement and has not breached any of its provisions.

18. Accordingly, under the terms of the Employment Agreement, Defendants owe DeLong compensation.

19. Defendants, however, have breached their contractual duty to perform their obligations under the Employment Agreement.

20. As a direct and proximate result of the Defendants' breach of the Employment Agreement, DeLong has sustained damages, including but not limited to the loss of wages, benefits and entitlements under the Employment Agreement and consequential damages.

21. As a result of the breach of the Employment Agreement by Defendants, DeLong

has retained the undersigned counsel and is obligated to pay them costs and attorneys' fees.

22. DeLong is entitled to recover the attorneys' fees and costs incurred in this action pursuant to Florida Statute § 448.08.

WHEREFORE, Plaintiff demands judgment for damages exceeding Thirty Thousand Dollars (excluding attorneys' fees and costs); the attorneys' fees and costs incurred in this matter; and such other relief to which the Plaintiff may be justly entitled.

Dated this 14th day of February 2023.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Scott L. Terry*_____
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
Primary:       scott@fgbolaw.com
Secondary:   tina@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*